IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOSHUA MOLENAAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-05106-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Joshua Molenaar seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Jo Ann L. Draper ("ALJ") found that although Mr. Molenaar had several severe impairments, he retained the residual functional capacity ("RFC") to do sedentary work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Mr. Molenaar protectively filed applications for both DIB and SSI on August 14, 2018. (AR 24). Mr. Molenaar alleges a disability onset date of October 18, 2017, due primarily to sleep apnea, narcolepsy, blood vessels in his leg, swollen extremities, type II diabetes, thyroid issues, black out spells, and seizures. (*Id.* 24, 187, 201). His claims were denied initially on October 17,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

2018. (*Id.* 24). He then filed a written request for hearing, which was held on November 13, 2019. (*Id.*).

On December 19, 2019, the ALJ denied Mr. Molenaar's claims. (*Id.* 21). The ALJ determined that although Mr. Molenaar had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 26-30). She also determined that Mr. Molenaar had an RFC to perform sedentary work with certain limitations, including:

> [H]e can lift and carry 10 pounds occasionally, 5 pounds frequently; stand or walk 2 hours a day; sit 6 to 8 hours per day; he would change postural positions approximately every 30 minutes, which would entail rising from a seated position to briefly stand or walk 2 to 3 minutes before returning to a seated position without leaving the workstation and without being off task; and he can have only occasional exposure to extreme cold and no exposure to hazardous conditions such as working around heights or moving machinery.

(*Id.* 30). During the November 13, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Molenaar's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 35, 78-79). The VE testified that such an individual could perform work as a document preparer, addresser, or stuffer. (*Id.* 35, 79).

Following the ALJ's decision, Mr. Molenaar filed an appeal with the Appeals Council. (*Id.* 163-65). The Appeals Council denied Mr. Molenaar's request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Since Mr. Molenaar has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v.*

*Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls

outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Mr. Molenaar raises one issue in his appeal before the Court. He argues that the RFC decision is not supported by substantial evidence because the ALJ did not properly evaluate his subjective reports of back and leg pain. (*See generally* Doc. 12 at 6-14). The Court finds that substantial evidence supports the RFC decision because the ALJ offered sufficient explanation for discrediting Mr. Molenaar's subjective reports of chronic pain. Accordingly, this Court affirms.

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective reports about his limitations. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). "Because the ALJ [is] in a better position to evaluate credibility, we defer to [her] credibility determinations as long as they [are] supported by good reasons and substantial evidence." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)). "When evaluating a claimant's credibility as to subjective complaints, the ALJ must consider the *Polaski* factors." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). "Those factors include: 'the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions.'" *Id.* (quoting *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010)). "The ALJ is not required to discuss each *Polaski* factor as long as '[s]he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Id.* (quoting *Halverson*, 600 F.3d at 932). "[A]n ALJ is entitled to make a factual determination that a [c]laimant's subjective pain complaints are not credible in light of objective

medical evidence to the contrary." *Id.* (quoting *Jones v. Astrue*, 619 F.3d 963, 975 (8th Cir. 2010)). The ALJ may discount subjective complaints if they are inconsistent with the evidence as a whole. *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Cox*, 471 F.3d at 907).

Here, the ALJ properly evaluated Mr. Molenaar's subjective reports of his back and leg pain. While the ALJ is not required to explicitly discuss every *Polaski* factor, the ALJ's decision included discussion of almost every factor relative to Mr. Molenaar's subjective reports of pain. (AR 30-34; *see Grindley*, 9 F.4th at 630). The ALJ considered Mr. Molenaar's prior work history. (AR 33). Observing that Mr. Molenaar had an "excellent work history and earnings record," the ALJ found that Mr. Molenaar's motivation to work conflicted with statements he made to treatment providers. (*Id.*). In those statements, Mr. Molenaar related that he refused to find more work because he would earn less than he did at his previous job, not because of injury. (*Id.*). These statements to treatment providers led the ALJ to conclude that Mr. Molenaar remained unemployed for reasons unrelated to his subjective symptoms or conditions. (*Id.* 31, 34). The ALJ's decision also discussed Mr. Molenaar's daily activities. (*Id.* 33). She noted that Mr. Molenaar remained capable of "manag[ing] his own personal care without difficulty, driv[ing] independently, do[ing] laundry, prepar[ing] some meals, walk[ing] places for transportation, do[ing] 'odd jobs' for cash, and go[ing] fishing when he can." (*Id.*). The ALJ explicitly considered the intensity, duration, and persistence of Mr. Molenaar's alleged pain, but she found those subjective reports inconsistent with the evidence in the record. (*Id.* 30-31). The ALJ further observed that Mr. Molenaar's treatments were generally conservative, involving "routine" appointments for medication management. (*Id.* 32). Mr. Molenaar himself testified, and the ALJ noted, that he is not prescribed medication for leg or lower back pain. (*Id.*). Instead, he manages those symptoms with periodic injections, compression stockings, and elevating his legs. (*Id.*).

Lastly, the ALJ noted that Mr. Molenaar's impairments have not required surgical interventions, nor devices like a back brace, TENS unit, or other ambulation assistance devices. (*Id.*). Therefore, the ALJ had substantial evidence to discredit Mr. Molenaar's subjective reports of lower leg and back pain because she found them inconsistent with the record overall, including the objective medical evidence. (*Id.* 31-34). This Court finds no error in the ALJ's assessment because the ALJ was in a better position than this Court to assess the credibility of Mr. Molenaar's subjective symptoms. *See McDade*, 720 F.3d at 998 (quoting *Cox*, 471 F.3d at 907).

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Molenaar was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 21st day of October 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge